Ranney, J.
To enable this court to review the judgment of the court below, overruling a motion for a new trial, because the verdict is claimed to be against the evidence, it must appear either expressly or by necessary implication, that the bill of exceptions contains all -the evidence given to. the jury upon the trial. This has been the constant course of decision, and is affirmed in several reported cases. Kepner, Adm’r, v. Sniveley, Adm’r, 19 Ohio, 296 ; Walker v. Dovlin’s Lessee, 2 Ohio St. 593.
Indeed, the very nature of the inquiry demonstrates the absolute necessity of the rule. No question of law is involved, but it is simply an appeal from the jury on the facts; and without having the evidence given to the jury, it is impossible for us to say whether it justified their finding or not. When the bill of exceptions in this case is subjected to this test, it is very doubtful if it amounts to anything more than a statement of the tendency óf the evidence, without expressly, or by necessary inference, negativing the idea that no further evidence was given. But suppose the objection to the bill of exceptions removed; still it is to be remembered that this is the fourth time the same party has been permitted to reinvestigate the facts — twice before tribunals who heard the evidence, and twice before those who have acted upon an imperfect statement of it upon paper. Three of these tribunals have decided in the same way, and adversely to him. The jury, made by the constitution and laws the exclusive triers of the *facts, .have found a verdict; the court in which this was done, and that heard the witnesses, has approved the finding. The district court has affirmed the correctness of the judgment of the common pleas. Under these circumstances, and with the imperfect understanding that we can get of the evidence, it must appear like the rashest presumption in us to overrule these repeated adjudications, without the clearest convictions that they were erroneous. We are not so convinced. The facts were strongly litigated, and while it would appear to us that *161 the weight of testimony was against the finding, this mere difference of opinion is not enough to justify an interference with it.
It is certainly clear that all jurors must have the qualifications of electors; and if one not having such qualification is retained upon the panel, without the knowledge of the party or his counsel, and after reasonable diligence used to ascertain the fact when the jury is impaneled, a new trial should, for that cause, be granted. But it is equally clear that the proper time to take the objection is at the impaneling of the jury; and it must be taken to have been waived, unless the party is able to show to the court, upon the hearing of the motion, that with the exercise of such diligenco he could not have taken the exception at the proper time. This is indispensable, to prevent constant mistrials, and to protect the rights of the adverse party; otherwise the party afterward taking the exception might lie by and take the chances of a verdict in his favor, and if given adversely, be entitled to a new trial as a matter of course. We have therefore settled, that to lay a proper foundation for a new trial, for such cause, it should be shown to the court that the disqualification of the juror was unknown to the party and Ms counsel at the time the jury was impaneled, and that reasonable diligence was used before the jury was sworn, by inquiry of the juror or otherwise, to ascertain whether such objection to his sitting existed. We have, at the present term, applied this rule in a criminal case of great importance — Parks v. The State.
*The necessity of showing the counsel ignorant of the objection is most apparent. In most cases he is better acquainted with the persons appearing in the jury-box than his client can be. He acts for the client as his authorized agent, and consequently binds the client by his acts in the management of the cause. In this, as in other cases of agency, his negligence is the negligence of the client, and his knowledge the knowledge of the client. If, therefore, he knows of the disqualification at the time the jury is impaneled, it is but right and justice to the other party that the objection should be then taken. Whether he had such knowledge or not can only be known to the court hearing the motion when it is made to appear by affidavit; and it did not appear in the present case. The objection to the juror, in this case, was of the slightest imaginable consequence, as it is not to be presumed that his judgment or honesty would have been materially improved by residing six months longer in the state. No valid objection could *162 have been taken to the testimony given as to the location of the line. It is true that the recorded survey of a county surveyor is of itself only made evidence by the statute. But the actual localion of a line, whether made by a county surveyor or not, may be shown by any one having a knowledge of the fact.

Judgment affirmed.